## STATE *vs.* FRANK McANDREWS.

At the trial of A., indicted for stealing from the person of B., it appeared that A., somewhat intoxicated, had been seen fumbling in the pockets of B., who was very drunk, taking money from them and putting it in his own. A. did not account for the possession of money found on him. B., after becoming sober, denied any acquaintance with A., and claimed to have had money which was gone.

*Held*, that the question of A.'s intent was rightly left to the jury.

The presiding justice at the trial, when asked to instruct the jury that they must be satisfied the name of the person on whom the larceny was committed was as charged in the indictment, B., did so, adding, " but there is evidence tending to show the man's name was B. " Evidence had been introduced that B. gave his name as B.; that some one called at the police station, asked for "B.," recognized him, and paid a fine imposed on him.

*Held*, no error.

EXCEPTIONS to the Court of Common Pleas.

*May* 28, 1885. DURFEE, C. J. The defendant, who was indicted in the Court of Common Pleas for stealing from the person of William H. Jennings and there tried and convicted, brings the case to this court for revision by bill of exceptions.

The first exception is, because the court below, after the testimony for the State was in, refused to rule that the State had not made out a *primâ facie* case, and allowed the case to go to the jury. The testimony for the State was to the effect that the defendant and Jennings were first seen on a street in Providence together, Jennings very drunk and the defendant somewhat in liquor; that the defendant was searching Jennings's vest pockets; that the two then walked off, the defendant having Jennings by the arm ; that, while they were walking, the defendant was seen to put his hand into Jennings's pantaloons pocket, and take out a *roll of bills* and put it into his own ; that Jennings was soon after arrested for intoxication ; that the defendant was also arrested for stealing ; that the defendant, being asked what he had been going to do with Jennings, said he had been going to take him to his home, but, on being further questioned, did not seem to know who Jennings was; that the two were taken to the police station; that, the defendant being there searched, seventeen dollars in a roll were found in his pocket; that Jennings stated in the defendant's presence that he had between seventeen and twenty dollars, but when searched was found to have but ninety-six cents, no bills ; that the defendant, on being asked where he got the money, said he did not steal it, and

repeated the statement several times, but could not seem to give any account of how he came by it; and that the next day Jennings, when perfectly sober, said in the defendant's presence that he did not know the defendant, and had never seen him before. The testimony seems to have been entirely decisive except as to the felonious intent, and we think the court very clearly did not err in leaving the case to the jury on that point. Indeed, we do not see how the court could have found any pretext for taking it from the jury, or even how the jury, without some further explanation than appears to have been given by the defendant of his conduct, could fail to find the verdict which they returned.

The second exception is, because the court below, in granting the defendant's request to charge the jury that they must be satisfied beyond a reasonable doubt that the name of the person on whom the larceny was committed was the name set forth in the indictment, added the remark " but there is evidence tending to show the man's name was Jennings." The testimony for the State on this point was as follows, to wit: The policeman who arrested the so-called William H. Jennings testified that he gave his name as Jennings; and the sergeant of police testified: " He told me his name was William H. Jennings, and a lady came the next morning and asked for William H. Jennings, and I took her into the cell, and she recognized him as such and paid his fine. He was fined for drunkenness." This testimony was given without objection, and we think it warranted the remark to which exception was taken. We think, too, that the testimony was legitimate. Witnesses to prove a name seldom know more than that the person whose name is in question answers to the name, or that others call him by it or speak of him as having it. In *Rex* v. *Timmins*, 7 Car. & P. 499, on the trial of an indictment for manslaughter, a witness for the prosecution stated that the deceased stayed three days and nights at his inn, and that he asked the deceased his name, and that letters came directed in that name, which letters were delivered to the deceased and received by him. The court held that the witness might be asked what name was given by the deceased. The case was no stronger than the case at bar.

*Exceptions overruled.*

*Samuel P. Colt,* Attorney General, for plaintiff.
*George J. West,* for defendant.